WADE CLARK MULCAHY
By: Michael A. Bono
917 Mountain Avenue
Mountainside, New Jersey 07092
(908) 789-1681
Attorneys for Catlin Specialty Insurance Company

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| CATLIN SPECIALTY INSURANCE CO., | : DOCKET NO.: |
| Plaintiff, | : |
| v. | : |
| PLATO CONSTRUCTION CORP. | : |
| Defendant. | : |

*COMPLAINT*

Plaintiff CATLIN SPECIALTY INSURANCE COMPANY (hereinafter "Catlin"), by and thorough its attorneys, WADE CLARK MULCAHY, alleges the following as its Complaint for Declaratory Judgment against defendant PLATO CONSTRUCTION CORP (hereinafter "Plato"):

*NATURE OF ACTION*

1. Plato is a construction company, with offices located in New York and New Jersey, and performs construction work in both states as well. But when it applied for insurance coverage from Catlin, Plato specifically denied that it had a New York office or performed operations in New York. Unaware of these material points, Catlin issued a Commercial General Liability policy to Plato. During an investigation into one of Plato's claims, Catlin learned of Plato's New York presence and promptly rescinded Plato's policy. Had Catlin been aware of the

truth, it would have issued a different policy to Plato at a different premium rate. Catlin now files this action, seeking judicial support for its policy rescission.

## THE PARTIES

2. Catlin is a Delaware corporation with its principal place of business at 3340 Peachtree Road, Atlanta, Georgia and is a citizen of the States of Delaware and Georgia for purposes of diversity jurisdiction.

3. Upon information and belief, defendant PLATO CONSTRUCTION CORP is a New York corporation with its principal place of business at 1331 86th Street, Brooklyn, New York, 11228 and is a citizen of the State of New York for purposes of diversity jurisdiction.

4. Upon information and belief, Plato also conducts business in the State of New Jersey.

5. Catlin issued commercial general liability insurance policy, number GLA-95184-0410 ("Policy") to Plato with effective dates of April 14, 2009 through April 14, 2010.

## JURISDICTION AND VENUE

6. Subject matter jurisdiction is based upon 28 U.S.C.A. § 1332 and 28 U.S.C.A. § 2201 because the action involves citizens of different states and the amount in controversy exceeds the sum of $75,000.

7. Personal jurisdiction over Plato is proper as it conducts business in the State of New Jersey.

8. Personal jurisdiction over Plate is proper because it submitted an application for insurance coverage to Catlin for delivery of the Policy to a New Jersey address.

9. Personal jurisdiction over Plato is proper as it maintains an office located at 602 Roadstown Road, Bridgton, NJ 08302.

10. Venue is proper under 28 U.S.C.A. § 1391 because the Policy was issued in this district.

11. Further, a substantial part of the events giving rise to the claim, occurred in this district.

12. An actual controversy exists between the parties regarding their respective rights and obligations under the relevant policy of insurance.

## FACTUAL BACKGROUND

### *Plato's Applications for Insurance*

13. In or about April 2009, Plato submitted to Catlin a Commercial Insurance Application and a Contractors/Developers General Liability Application (collectively "Applications") seeking an insurance policy from Catlin for Plato's carpentry operations. *See Exhibit "A."*

14. In the Applications, Plato represented that it had only one business location: 602 Roadstown Road, Bridgton, NJ 08302.

15. In the Applications, Plato represented that the only states where it performed operations were New Jersey, Pennsylvania, and Delaware.

16. In the Applications, Plato represented that the "Radius of operations from main location" was 100 miles.

17. Newbridge Coverage Corp., as Plato's insurance agent, also represented to Catlin that Plato did not perform any work in New York.

18. The Commercial Insurance Application provides, directly above the signature line:

> THE UNDERSIGNED IS AN AUTHORIZED REPRESENTATIVE OF THE APPLICANT AND CERTIFIES THAT REASONABLE ENQUIRY HAS BEEN MADE TO OBTAIN ANSWERS TO QUESTIONS ON THIS APPLICATION. HE/SHE CERTIFIES THAT THE ANSWERS ARE TRUE, CORRECT AND COMPLETE TO THE BEST OF HIS/HER KNOWLEDGE.

19. A representative of Plato signed the application on or about April 14, 2009.

20. The Contractors/Developers General Liability Application provides, directly above the signature line:

> I/We hereby declare that the above statements and particulars are true and I/We agree that this application shall be the basis of the contract with the insurance company.

21. A representative of Plato signed the application on or about April 14, 2009.

### *The Policy*

22. In reliance, *inter alia*, on Plato's representations that it did not perform work in New York and had only one location -- which was in New Jersey -- Catlin issued the Policy to Plato. *See* Policy, annexed hereto as *Exhibit "B."*

23. The Policy's Declarations page restates Plato's representation that it does not perform any work in New York.

24. The Policy contains a condition to coverage at Commercial General Liability Form, Section IV Commercial General Liability Conditions:

> 6. Representations
>
> By accepting this policy, you agree:
>
>> a. The statements in the Declarations are accurate and complete;
>> b. Those statements are based upon representation you made to us; and
>> c. We have issued this policy in reliance upon your representations.

### *Catlin Investigation*

25. On or about August 18, 2009, Plato provided notice to Catlin of a claimed loss that occurred on August 8, 2009, in Lynbrook, New York.

26. Catlin commenced an investigation and learned that, contrary to the information provided by Plato in its application for insurance, Plato performed work in the State of New York and that Plato performed such work at the time that it submitted the insurance applications to Catlin in April 2009.

27. Catlin also learned during its investigation that, contrary to the information provided to Catlin in Plato's applications for insurance, Plato was incorporated in New York and had an address in Brooklyn, New York.

28. Plato made material misrepresentations to Catlin by representing, *inter alia,* that it performed no work in New York and had only one business location which was in New Jersey.

29. Upon learning that Plato made material misrepresentation in applying for insurance coverage, Catlin issued a letter to Plato rescinding the Policy retroactive to April 14, 2009, the date of policy inception. *See* rescission letter, annexed hereto as *Exhibit "C."*

30. In its rescission letter, Catlin further disclaimed liability for any and all claims.

31. ~~In rescinding the Policy, Catlin returned the premium paid by Plato via Catlin's broker -- AmWINS Brokerage of New York, Inc. -- for return to Plato.~~

### **AS AND FOR A FIRST CAUSE OF ACTION**

32. Catlin repeats and reiterates each and every allegation heretofore made in paragraphs designated "1" through "31" inclusive, with the same force and effect as if set forth herein.

33. Plato made material misrepresentations to Catlin by representing in its insurance applications and supporting communications that, among other things, it performed no work in New York and had only one business location, which was in New Jersey.

34. If Catlin knew that Plato performed work in the State of New York, or had a location in New York, any policy issued to Plato would not have contained the same terms, conditions, and endorsements as the Policy.

35. If Catlin knew that Plato performed work in the State of New York, or had a location in New York, any policy issued to Plato would have been issued at a different premium rate than the Policy.

36. For the above reasons, Catlin properly rescinded the Policy and the Policy is void *ab initio*.

37. Therefore, Plato is not entitled to coverage under the Policy for any claim.

### AS AND FOR A SECOND CAUSE OF ACTION

38. Catlin repeats and reiterates each and every allegation heretofore made in paragraphs designated "1" through "37" inclusive, with the same force and effect as if set forth herein.

39. Upon rescission of the policy, Catlin returned to Plato the premium Plato had paid for the issuance of the Policy.

40. In furtherance of its rescission of the Policy, Catlin sent funds in the amount of $25,175, which was the premium charged for the Policy, to Catlin's broker -- AmWINS Brokerage of New York, Inc. -- for return to Plato.

41. Upon Information and belief, Plato received and accepted the returned premiums without protest.

  42. By accepting the returned premium without protest, Plato has waived any right to contest the rescission of the Policy.

**WHEREFORE**, Plaintiff demands judgment against Plato for:

  a. A declaration that insurance policy number GLA-95184-0410 is rescinded *ab initio*;

  b. A declaration that Catlin has no duty to defend Plato under the Policy with respect to any claim heretofore made or that may be made in the future;

  c. A declaration that Catlin has no duty to indemnify Plato under the Policy with respect to any claim heretofore made or that may be made in the future;

  d. Interests, costs and disbursements of this action; and

  e. Such other, further and different relief as this Court deems just and proper.

### *JURY DEMAND*

The Plaintiff hereby demands a trial by Jury on all issues triable.

### *DESIGNATION OF TRIAL COUNSEL*

MICHAEL A. BONO is hereby designated as trial counsel in the within matter.

Dated: Mountainside, New Jersey
   November 3, 2010

                 WADE CLARK MULCAHY

                 */s/ Michael A. Bono*
                 Michael A. Bono, Esq.
                 Attorneys for Plaintiff
                 Catlin Specialty Insurance Company
                 917 Mountain Avenue
                 Mountainside, New Jersey 07092
                 (908) 789-1681
                 Our File No.: 520.6388.1MS

## CERTIFICATION

The undersigned hereby certifies that a portion of the matter in controversy is the subject of an action pending in New York State Supreme Court, Nassau County captioned *Plato Construction Corp. v. Catlin Specialty Insurance Co. and Newbridge Coverage Corp.*, under index no.: 12893/10.

Dated: Mountainside, New Jersey
       November 3, 2010

WADE CLARK MULCAHY

By: Michael A. Bono