NOT FOR PUBLICATION (Doc. No. 15)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

_____
                                           :
CATLIN SPECIALTY INSURANCE CO.,            :
                                           :
       Plaintiff,                          :
                                           :   Civil No. 10-5722 (RBK/AMD)
       v.                                  :
                                           :   **OPINION**
PLATO CONSTRUCTION CORP.,                  :
                                           :
       Defendant.                          :
_____:

**KUGLER**, United States District Judge:

This matter comes before the Court upon the motion of Plato Construction Corp. ("Defendant") to vacate entry of default and to dismiss the action initiated by Catlin Specialty Insurance Co. ("Plaintiff"). Because the Court finds that a co-pending parallel[1] action was first filed in the Supreme Court of New York, the Court dismisses Plaintiff's Complaint.

## I. BACKGROUND

On April 14, 2009, Plaintiff, an insurance company, issued a commercial general liability policy covering Defendant, a construction company. Pl. Cert. ¶ 5. This litigation arises out of property damage to the roof of Lynbrook High School ("Lynbrook") that was allegedly caused by Defendant during construction work occurring between April 14, 2009 and April 14, 2010. Id. On August 8, 2009, Lynbrook brought a claim against Defendant for water damage to the

---

[1] For the purposes of this Opinion, "co-pending" describes two cases that are concurrently being litigated in two courts of competent jurisdiction. "Parallel" refers to the phenomenon where a single dispute engenders identical or substantially similar duplicative lawsuits. See James P. George, "Parallel Litigation," 51 Baylor L. Rev. 769, 773-76 (1999) for a further discussion of the definition of "parallel" litigation.

floor of the gymnasium of Lynbrook, and has withheld $82,600.00 of the funds allegedly due to Defendant.  Id. ¶ 7.

On July 6, 2010, Defendant filed a complaint in Supreme Court of New York, Nassau County, seeking declaratory judgment against Plaintiff and establishing that Plaintiff had a duty to defend and indemnify Defendant from Lynbrook's claim ("the New York litigation").  Id. ¶ 10.  On November 3, 2010, Plaintiff filed a separate Complaint in this Court, seeking declaratory judgment that Plaintiff was not liable for Defendant's losses relating to the construction project.  Id. ¶ 16.

On May 3, 2011, Plaintiff moved for entry of default against Defendant.  Default was entered against Defendant on May 4, 2011.  Id. ¶ 17.  On May 13, 2011, on Plaintiff's motion, the New York Court stayed the action in the New York Court, pending resolution of the instant action before this Court.  Id. ¶ 18.

Defendant now moves to vacate default and to dismiss Plaintiff's Complaint in the instant litigation, so that the Supreme Court of New York may continue to resolve the parties' dispute.

## II.    DISCUSSION

Defendant argues that the instant case must be dismissed because it is duplicative of the New York litigation, which was filed prior to the instant case.  Defendant also argues that the District of New Jersey is an improper venue and a forum non conveniens for this action.  Finally, Defendant argues that this Court should abstain from deciding this case based on the principles announced in Younger v. Harris, 401 U.S. 37 (1971), and Burford v. Sun Oil Co., 319 U.S. 315 (1943).  Because the Court finds that the First-Filed Rule applies, the Court will grant Defendant's motion to dismiss.  Furthermore, because the Court finds that Defendant has shown good cause, the Court grants Defendant's motion to vacate default.

A. First-filed Rule

   1. Applicability of the First-Filed Rule to the Instant Litigation

      a. General Applicability of the First-Filed Rule to Co-pending Parallel State and Federal Litigations

Under the First-Filed Rule, "'[i]n all cases of federal concurrent jurisdiction, the court which first has possession of the subject must decide it.'" EEOC v. Univ. of Pa., 850 F.2d 969, 971 (3d Cir. 1988) (quoting Crosley Corp. v. Hazeltine Corp., 122 F.2d 925, 929 (3d Cir. 1941)). The rule is intended to encourage "sound judicial administration" and to promote "comity among federal courts of equal rank." Id. The Court first decides, as a threshold matter, whether the First-Filed Rule is applicable to the instant litigation, which involves two declaratory judgment actions co-pending in the Supreme Court of New York and this Court. This is an issue of first impression in this Court.

The Supreme Court has stated that "[g]enerally, as between state and federal courts, the rule is that "the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction . . . ." Colorado River Water Conservation District v. United States, 424 U.S. 800, 817 (1976) (quoting McClellan v. Carland, 217 U.S. 268, 281 (1910)). The Colorado River Court explained that this general principle stemmed from "the virtually unflagging obligation of the federal courts to exercise the jurisdiction given them." Colorado River, 424 U.S. at 817-18 (citing England v. Louisiana State Bd. of Medical Examiners, 375 U.S. 411, 415 (1964)). As a result, "[a]bdication of the obligation to decide cases can be justified under this doctrine only in the exceptional circumstances where the order to the parties to repair to the state court would clearly serve an important countervailing interest." Colorado River, 424 U.S. at 813.

After Colorado River, federal courts have disagreed on the applicability of the First-Filed Rule to co-pending state and federal court litigations. See Central States Indus. Supply, Inc. v. McCullough, 218 F.Supp.2d 1073 (N.D. Iowa 2002) ("The court recognizes, and the parties address in their briefs, the split among the federal courts regarding the applicability of the first-filed rule to concurrent litigation filed in a state court and a federal court."). Among the federal courts holding that the First-Filed Rule does apply in this situation are the Eleventh Circuit and the District of Arizona. See Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Haydu, 675 F.2d 1169, 1174 (11th Cir.1982) ("the court initially seized of a controversy should be the one to decide the case. . . . It should make no difference whether the competing courts are both federal courts or a state and federal court with undisputed concurrent jurisdiction."); United Artists Theatre Circuit, Inc. v. F.C.C., 147 F. Supp. 2d 965, 978 (D. Ariz. 2000) (applying the First-Filed Rule in a case of co-pending parallel state and federal litigation). On the other hand, at least one federal district court and one circuit court have held that the First-Filed Rule does not apply to co-pending parallel state and federal litigation. Hospah Coal Co. v. Chaco Energy Co., 673 F.2d 1161, 1163 (10th Cir.1982); Central States, 218 F.Supp.2d at 1093 (holding in the Northern District of Iowa that the First-Filed Rule does not apply to concurrent state and federal litigations) (citing Northwest Airlines, Inc. v. American Airlines, Inc., 989 F.2d 1002, 1005 (8th Cir.1993); Orthmann v. Apple River Campground, Inc., 765 F.2d 119, 121 (8th Cir.1985)).

The Third Circuit has previously held that "where the judgment sought is strictly in personam, both the state court and the federal court, having concurrent jurisdiction, may proceed with the litigation at least until judgment is obtained in one of them which may be set up as res judicata in the other." Crosley, 122 F.2d at 929 (quoting Princess Lida v. Thompson, 305 U.S. 456, 466 (1939)). While this language, viewed in the abstract, could potentially counsel against

application of the First-Filed Rule to co-pending parallel state and federal litigations, Crosley was a case in which the issue was whether a federal court could enjoin a state court from proceeding further when the federal court had concurrent jurisdiction over an identical case. It is important to note that "[i]njunction is the most controversial of the remedies for parallel litigation because it interferes with another court's power, often in another state or country." George, 51 Baylor L. Rev. at 781 (citing Gannon v. Payne, 706 S.W.2d 304, 306-07 (Tex. 1986)). Thus, Defendant's prayer for dismissal of the instant case is markedly different from the "controversial" injunction sought in Crosley.

It is important to note that the Colorado River Court itself held that the Colorado River plaintiff's case must be dismissed from federal court while the state court litigation was co-pending. Colorado River, 424 U.S. at 819 (explaining that "exceptional circumstances" existed in "the present case, [where] a number of factors clearly counsel against concurrent federal proceedings, [the most important of which] is the McCarran Amendment"); see James P. George, "Parallel Litigation," 51 Baylor L. Rev. 769, 896 (1999) ("Because Colorado River applies to all instances of parallel state-federal litigation, its presumption against abstention could clash with strong federalism concerns . . . and presumably the federalism concerns would prevail.").

Federalism concerns require that a federal court "tread lightly" when a state proceeding is already underway. Merrill Lynch, 675 F.2d at 1173 (citing Southern California Petroleum Corp. v. Harper, 273 F.2d 715, 718-20 (5th Cir. 1960)). Based on federalism concerns, the Eleventh Circuit has stated that the prevailing standard is that "in the absence of compelling circumstances," the First-Filed Rule should apply to co-pending parallel state and federal litigations. Merrill Lynch, 675 F.2d at 1174 (noting that "[t]he continued vitality and independence of concurrent judicial systems require our sensitive consideration of ongoing

proceedings in state courts.") (citing Toucey v. New York Life Insurance Co., 314 U.S. 118 (1941)).

### b. The First-Filed Rule in the Context of Co-pending Parallel State and Federal Declaratory Judgment Actions

The First-Filed Rule applies with even more force to declaratory judgment actions, since a district court's jurisdiction in such an action is discretionary in nature. The Declaratory Judgment Act provides that "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a) (emphasis supplied). Accordingly, the Supreme Court in Brillhart v. Excess Insurance Co., 316 U.S. 491 (1942), dismissed a second-filed federal declaratory judgment action paralleling a previously-filed state action. Id. at 494. The Brillhart Court explained that, in view of the discretionary nature of the Declaratory Judgment Act, a district court is "under no compulsion" to exercise jurisdiction concurrent to a pending state litigation. Id. at 494-95 ("Ordinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties."). Though Brillhart was a pre-Colorado River case, the Supreme Court revisited Brillhart after Colorado River in Will v. Calvert Fire Insurance Co., 437 U.S. 655 (1978) and later in Wilton v. Seven Falls Co., 515 U.S. 277 (1995). A plurality of the Supreme Court in Will applied Brillhart's holding to bar a second-filed federal declaratory judgment paralleling a previously-filed state action in a post-Colorado River context.[2] Subsequently, in Wilton, a majority of the Supreme

---

[2] Colorado River's "unflagging obligation" standard for retaining federal jurisdiction was announced subsequent to Brillhart's "under no compulsion" language. George, 51 Baylor L. Rev. at 859-860. In Will, which reaffirmed

6

Court clarified that the discretionary standard announced in Brillhart, rather than the "exceptional circumstances" test of Colorado River, governed a district court's decision to stay or dismiss a second-filed parallel federal declaratory judgment action. Wilton, 515 U.S. at 289-90.

Accordingly, "district courts may refuse to offer declaratory relief when considerations of 'practicality and wise judicial administration' prevail." United Artists, 147 F. Supp. 2d at 978 (quoting Wilton, 515 U.S. at 287); see Hospah Coal Co., 673 F.2d at 1164-65 (emphasizing that declaratory judgment actions may not "be used as yet another weapon in a game of procedural warfare."); George, 51 Baylor L. Rev. at 782 (noting that "[i]n many jurisdictions, a second-filed declaratory action is dismissed as a matter of law if it seeks no greater relief than the first-filed action."). Moreover, "[t]he Fifth Circuit has decided that when a state lawsuit is pending, more often than not, issuing a declaratory judgment will be tantamount to issuing an injunction—providing the declaratory plaintiff an end run around the requirements of the Anti-Injunction Act." Travelers Ins. Co. v. Louisiana Farm Bureau Federation, Inc., 996 F.2d 774, 776 (5th Cir. 1993). Moreover, "issuance of a declaratory judgment in such situations would be antithetical to the noble principles of federalism and comity." Id.

In light of the above analysis of countervailing judicial principles, and in the absence of direct guidance from the Third Circuit, this Court holds that principles of federalism, comity, and judicial restraint counsel in favor of application of the First-Filed Rule to co-pending, parallel state and federal declaratory judgment actions.

### 2. Elements of the First-Filed Rule

---

Brillhart's application of the First-Filed Rule to co-pending parallel federal and state declaratory judgment actions, only four justices explicitly relied on Brillhart's "under no compulsion" standard. Because Justice Blackmun concurred in the judgment, though on different grounds than the Will plurality, the Will Court upheld the dismissal of the second-filed co-pending parallel federal declaratory judgment action.

The First-Filed Rule applies only where the actions are "truly duplicative," such that "a determination in one action leaves little or nothing to be determined in the other." Grider v. Keystone Health Plan Cent., Inc., 500 F.3d 322, 334 n.6 (3d Cir. 2007) (internal citations omitted). Moreover, the First-Filed Rule, being grounded in equitable principles, is not absolute. EEOC, 850 F.2d at 972. The Rule does not apply where, for example, there is evidence of 1) bad faith or 2) forum shopping, or where 3) the second-filed action is further developed than the first, or 4) the first-filing party commenced suit in anticipation of the second party's imminent filing in a less favorable forum. Id. at 976-77. In opposing Defendant's motion to dismiss, Plaintiff has not argued that any of these factors are present in this case. In fact, it is Defendant who argues that Plaintiff has engaged in "procedural gamesmanship" and forum-shopping by re-filing in this Court a case that is identical to the New York litigation. Def. br. in Support of Mot. to Dismiss, at 1-2, 5.

Despite the existence of discretionary exceptions to this equitable doctrine, the Rule enunciated by the Third Circuit is that trial judges should "exercise their discretion by enjoining the subsequent prosecution of similar cases in different federal district courts." EEOC v. Univ. of Pennsylvania, 850 F.2d 969, 971 (3d Cir. 1988) (emphasis added). Accordingly, in many cases where courts have used their discretion to decline to follow the First-Filed Rule, it is because the parties in the first- and later-filed actions were different. See, e.g., Grider, 500 F.3d at 334 n.6 (finding that the purportedly first-filed actions "were filed by plaintiffs who have no involvement whatsoever with the [instant] case"); Martin v. Citizens Fin. Group, Inc., No. 10-260, 2010 U.S. Dist. LEXIS 83474 at *7 (E.D. Pa. Aug. 13, 2010) (noting that the plaintiffs and defendants in the two actions were different).

The Court finds that there is no significant difference between the issues in the instant litigation and the New York litigation. The parties do not dispute that the declaratory judgment action in New York Supreme Court involves precisely the same issue in the instant declaratory judgment action. Defendant initially brought an identical action for declaratory judgment in the New York litigation, in which Plaintiff was the defendant. Plaintiff now seeks declaratory judgment on an identical issue before this Court. Therefore, the decision rendered in this Court would determine the outcome in the New York litigation, and the opposite is true as well. As set forth above, this is precisely the result that the first-filed rule is intended to avoid.

In light of the above, and to avoid the inconvenience and potential inconsistency of duplicative litigation, the Court holds that the First-Filed Rule bars the continuation of the instant case. Accordingly, this case is hereby dismissed from the District of New Jersey, without prejudice to the parties' rights to continue the New York litigation.

**3.  Dismissal Under the First-Filed Rule**

Having concluded that the First-Filed Rule applies, it is incumbent upon the Court to decide whether this action should be dismissed or stayed. See Keating Fibre Intern., Inc. v. Weyerhaeuser Co., Inc., 416 F.Supp.2d 1048, 1052-53 (E.D.Pa. 2006). In the instant case, Defendant argues that dismissal is the appropriate course of action, and neither party argues that the instant action should be stayed rather than dismissed. Furthermore, it is important to note that the New York litigation has been stayed pending the resolution of this matter.[3] Def. Ex. H, at 1. Therefore, dismissal, rather than stay, of the instant case would allow for the speediest resolution of the New York litigation.

---

[3] Defendant notes that Defendant has moved to reargue the stay that was entered in the New York litigation based on an alleged "factual misunderstanding by the [Supreme Court of New York] that this action had been filed first," prior to the New York litigation. Def. br. at 8. Defendant states its belief that the stay will be lifted in the New York litigation subsequent to the motion to reargue. Id.

Courts may consider both private and public interests in considering the propriety of a particular venue.[4]  See Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995).  Private interests may include the following:

> plaintiff's forum preference as manifested in the original choice; the defendant's preference; whether the claim arose elsewhere; the convenience of the parties as indicated by their relative physical and financial condition; the convenience of the witnesses—but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum) . . . .

Id. (internal citations omitted).  Here, as Defendant points out, the only factor in favor of the District of New Jersey is the fact that Plaintiff chose it.  Clearly, Defendant's preferred forum is the Supreme Court of New York, where Defendant filed the first-filed case involving issues identical to those in the instant litigation.

Plaintiff is a national corporation incorporated in Delaware with its principal place of business in Georgia, whereas Defendant is a construction company incorporated in New York, with its principal place of business in New York.  Def. Br. Mot. to Dismiss at 6-7; Mpouroudis Cert. ¶ 9; Compl. ¶ 3.  Furthermore, Defendant explains that key witnesses and documents for both parties are located in New York.[5]  Def. Br. at 8.  Moreover, Defendant avers that it would

---

[4] Public interests may include: "[1] the enforceability of the judgment; [2] practical considerations that could make the trial easy, expeditious, or inexpensive; [3] the relative administrative difficulty in the two fora resulting from court congestion; [4] the local interest in deciding local controversies at home; [5] the public policies of the fora; and [6] the familiarity of the trial judge with the applicable state law in diversity cases." Jumara, 55 F.3d 873, 879-80 (3d Cir. 1995) (internal citations omitted).  The Court notes that the second and fourth interests appear to be relevant to the instant litigation.

[5] Defendant further argues that it would be inequitable for this Court to retain jurisdiction over this declaratory judgment action because any relief entered in favor of Plaintiff would be prejudicial to Newbridge Coverage Corp., an allegedly necessary party ("Newbridge"). Def. br. at 6. Defendant argues that Newbridge cannot be joined to this action because to do so would destroy this Court's diversity jurisdiction. Id. Defendant notes that both Defendant and Newbridge are citizens of New York, and that to join Newbridge would therefore violate the requirements of diversity jurisdiction. Id. Defendant argues that therefore, complete adjudication of this dispute can

severely impact Defendant's business operations to litigate in New Jersey.  Id. at 5-6.  Plaintiff, which has multiple offices in several states, including New York, argues that the litigation should take place in New Jersey because the insurance policy at issue in this case listed Defendant's Bridgton, NJ, office, and because the insurance policy was mailed by Plaintiff to that satellite office.  Pl. Opp. Br. at 5-6.  The Court finds that the balance of interests clearly weighs in favor of litigating this matter in New York, and that Defendant would be unfairly prejudiced if it were forced to litigate in an inconvenient location.  Accordingly, Defendant, the Plaintiff in the first-filed suit in New York Supreme Court, is entitled to litigate in its chosen forum.

Therefore, because the Supreme Court of New York is a proper and more convenient venue than the District of New Jersey, the Court finds that dismissal, rather than stay, is the appropriate course of action to resolve the instant matter.

### B. Motion to Vacate Default

Defendant next moves to vacate the entry of default dated May 4, 2011.  Plaintiff does not oppose this motion.  Pl. br. at 16.  Under Federal Rule of Civil Procedure 55(c), "[t]he court may set aside an entry of default for good cause."  Motions to set aside entry of default are construed liberally in favor of the moving party.  Cassell v. Philadelphia Maintenance Co., 198 F.R.D. 67, 68 (E.D.Pa. 2000).  Here, Defendant argues that his counsel's delay in appearing in this action was not willful, and that it has caused no prejudice to Plaintiff.  Defendant's counsel states that he had serious health issues that required immediate and prolonged attention around May 4, 2011, the time that default was entered.  See Strauss Cert., ¶¶ 21-22 (describing the nature of the testing and treatment that Defendant's counsel had to undergo).  The Court finds

---

only be reached in the New York litigation.  Id.  The Court notes that to the contrary, the requirement of "complete diversity between all plaintiffs and all defendants" only precludes federal diversity jurisdiction where at least one plaintiff shares state citizenship with at least one defendant.  See Lincoln Prop. Co. v. Roche, 546 U.S. 81, 89 (2005).  It does not preclude diversity jurisdiction where two or more co-plaintiffs are citizens of the same state, or where two or more co-defendants are citizens of the same state.  See id.

that the delay by Defendant was due to "good cause," and that Plaintiff would not suffer prejudice from vacation of the entry of default. Therefore, the Court grants Defendant's motion to vacate entry of default.

### III.     CONCLUSION

For the foregoing reasons, Defendant's motion to vacate default and to dismiss is hereby **GRANTED**. The Clerk's May 4, 2011 Entry of Default as against Defendant is hereby vacated, and the Clerk is directed to close the file. An accompanying Order shall issue today.

Dated: 3/19/12                                            /s/ Robert B. Kugler
                                                         ROBERT B. KUGLER
                                                         United States District Judge